**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3739
_____

GEORGE M. ROWANN, Appellant

v.

BRIAN V. COLEMAN, (Warden), et al.; JOHN DOE(S),
Employees, et al.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-10-cv-01222)
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 14, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Opinion filed: August 15, 2012)
_____

OPINION
_____

PER CURIAM

George Rowann, a pro se litigant in the custody of the Commonwealth of

Pennsylvania, appeals the dismissal of his civil-rights suit.  We will affirm.

Because the parties are our primary audience, we need not recite the facts of this

case at length. In his original complaint, Rowann challenged his placement in disciplinary custody at both SCI-Smithfield and SCI-Fayette, naming superintendant Brian V. Coleman and "each of his officers, agents, employees, and all persons acting in concert or participation with them" as defendants. Later, Rowann filed a document entitled "The Complaint," which appeared to allege that, in retaliation for filing the lawsuit, he had been assaulted on two occasions by guards at the facility. The District Court sua sponte dismissed the suit without prejudice, concluding that 1) it would have been impossible for Rowann to have exhausted his administrative remedies under the Prison Litigation Reform Act (PLRA) before pursuing legal action, as he complained of incidents taking place on September 7 but filed suit a week later; and 2) the document entitled "The Complaint," which was construed as a supplemental complaint,[1] was impermissibly filed without leave of the court, but was in any event moot because the original complaint was to be dismissed. Rowann appealed.[2]

Our first task is to determine what issues are properly before us. It is well settled that an appellant's failure raise a particular issue in his opening brief results in waiver of that issue. See Free Speech Coalition, Inc. v. Att'y Gen., 677 F.3d 519, 545 (3d Cir. 2012). We have not yet decided, in a precedential opinion, whether this rule applies with

---

[1] See Fed. R. Civ. P. 15(d); Owens-Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188 (3d Cir. 1979).

[2] Exercising jurisdiction under 28 U.S.C. § 1291, see Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007), we conduct plenary review of the dismissal of the complaint. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

full force to pro se litigants, who are otherwise afforded courtesies not extended to their represented counterparts, such as liberal construction of pleadings. See, e.g., Henderson v. Fisher, 631 F.2d 1115, 1117 (3d Cir. 1980) (per curiam). Other courts have held that it does so apply. See, e.g., Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

In his opening, informal brief, Rowann insists that he was the victim of retaliation and that he was unable to file grievances because of interference by prison officials. He fails, however, to address the salient question in this case, to which his attention was *specifically drawn* in the briefing order: did the District Court erroneously dismiss his supplemental complaint as moot? Arguing the *facts* of the supplemental complaint is unavailing, because those factual contentions were never properly before the District Court and were not the basis of its ruling. We conclude that when a pro se appellant declines to brief a matter that he was explicitly instructed to raise, he has waived the issue in question unless extraordinary circumstances affected his compliance. No such circumstances are apparent here.

Rowann's alternative grievance argument is also unsuccessful. Rowann submitted evidence in District Court to support his contention that efforts to exhaust his administrative remedies were frustrated. See, e.g., ECF No. 38-2. Problematically, his submissions dated from *after* the initiation of the suit; in other words, they bolstered, rather than undermined, the District Court's conclusion that he had impermissibly pursued federal litigation before even attempting to exhaust his administrative remedies,

3

a course prohibited by the PLRA. See Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003); Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001).

Having determined that the procedural question is waived, and finding no merit in Rowann's attempt to excuse compliance with the PLRA's exhaustion requirement, we will affirm the District Court's judgment.[3] Our decision today is without prejudice to Rowann's filing a new suit based on the facts he would have alleged in his supplemental complaint, assuming he first exhausts his administrative remedies and complies with all other procedural requirements; we stress that we have not evaluated the merits of the allegations contained therein.

---

[3] To the extent that Rowann argues that the District Court failed to properly consider a request for injunctive relief, any such error was harmless, as Rowann failed to show that he was likely to succeed on the merits of his complaint. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Similarly, although a District Court should generally not raise sua sponte the affirmative defense of failure to exhaust, see Jones v. Bock, 549 U.S. 199, 216 (2007), it may do so if the defense is apparent from the face of the complaint. See Ray v. Kertes, 285 F.3d 287, 296 (3d Cir. 2002). In this case, a filing date mere days after the complained-of incident satisfies the Kertes standard; and, in any event, Rowann was given an opportunity to explain himself after being put on notice of the defect in his complaint, but failed to do so.